1

Robert Rowen, *pro se*
321 South Main Street #537

2

Sebastopol, California 95472
Phone: (707) 328-3012

3

Fax:    (707) 578-7788

4

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

6

U. S. SECURITIES AND EXCHANGE
COMMISSION,

7

100 F. STREET N.E.
WASHINGTON, D.C. 20549,

8

                              Plaintiff,        :        Case No. 1:11-cv-00895-JEB

9

                    v.                          :        <u>MOTION TO DISMISS</u>

10

                                                :        <u>UNDER RULE 12(b)</u>

11

e-Smart Technologies, Inc.,
IVI Smart Technologies, Inc., n/k/a

12

e-Smart Technologies International, Inc.,:
Intermarket Ventures, Inc.,

13

Mary A. Grace,                                  :
Tamio Saito,

14

Kenneth A. Wolkoff,                             :
George Sobol, and

15

Robert J. Rowen,                                :

16

                              Defendants. :

17

                    <u>LIMITED APPEARANCE</u>

18

19

        COMES NOW Robert J. Rowen, (hereinafter Rowen or Mr. Rowen) by leave of

20

court pro se, by limited appearance, and submits Mr. Rowen's motion to dismiss,

21

reserves the right to amend or supplement his pleadings, and waives no rights either

22

expressed or implied.

23

                    <u>DEFENDANT'S RIGHT TO SELF REPRESENTATION</u>

24

RECEIVED
Mail Room

2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1    A defendant's right to represent himself, or herself, is believed to have first

2  surfaced in the Judiciary Act of 1789, as a statutory right given by § 272 of the Judicial

3  Code, 28 USC § 394 [28 USCS § 394] [now 28 USCS § 1654], Appearance personally

4  or by counsel. "In all the courts of the United States the parties may plead and conduct

5  their own cases personally or by counsel . . .". This right appears to have existed

6  basically unchanged since 1769

7                    DEFENDANT'S LIMITED APPEARANCE

8    Mr. Rowen limited pro se appearance is solely for the purpose of challenging the

9  jurisdiction and venue of this court, by motion to dismiss, without waiver of any rights,

10  either expressed or implied, and reserving the right to amend or supplement pleadings

11  filed herein.

12                         MOTION TO DISMISS

13    Mr. Rowen moves to dismiss the action, pursuant to Rule 12(b), Federal

14  Rules of Civil Procedure, because the Mr. Rowen is not subject to the personal

15  jurisdiction of this court, venue is improper, and the complaint fails to state a

16  claim upon which relief can be granted.

17    1. LACK OF JURISDICTION:

18    Plaintiff's complaint fails to specifically assert either personal or subject matter

19  jurisdiction over Mr. Rowen.  Plaintiff alleges only a general jurisdiction.

20    Plaintiff's complaint does not allege Mr. Rowen resides in this jurisdiction, and

21  does not allege Mr. Rowen resides in this district, and does not allege that any part of

22  the events or omissions giving rise to any of the specific claims against Mr. Rowen

23  occurred in this district.

24

Jurisdiction cannot be presumed, and once challenged must be resolved before the matter may proceed in Federal courts.

Therefore, Mr. Rowen moves to dismiss this action, as to this specific defendant, pursuant to Rule 12(b), Federal Rules of Civil Procedure, because Mr. Rowen is not subject to the personal jurisdiction of this court.

2. IMPROPER VENUE.

Plaintiff's complaint fails to assert that this court is the appropriate venue for this defendant, either pursuant to the specific allegations against Mr. Rowen, where the complaint does not specifically assert that any part of the events or omissions giving rise to any of the specific claims against Mr. Rowen occurred in this venue.

Plaintiff's complaint also failed to allege that Mr. Rowen was connected to any other defendant in the complaint by either contract or agreement.  Therefore, Mr. Rowen believes this venue is improper, and moves to dismiss this action, as to this defendant, for improper venue, or. alternatively, for a change of venue for Mr. Rowen to the District Court nearest Mr. Rowen's residence.

3. INSUFFICIENT COMPLAINT:

Mr. Rowen moves to dismiss the complaint against him for failure to allege a claim for relief that can be granted to the plaintiff as a clear and undisputed matter of law.  The complaint is defective and insufficient in failing to show with any degree of specificity as to how Mr. Rowen is alleged to have violated any law, failed to identify a single person or persons that Mr. Rowen is alleged to have committed any act with or against that would be a specific violation of any law.

1       Mr. Rowen moves to dismiss the complaint for failure to state a claim upon which

2   relief may be granted as a clear and undisputed matter of law, or in the alternative, an

3   order of the court directing the plaintiff for a more definitive statement of allegations

4   specifically identifying the specific person or persons Mr. Rowen is alleged to have

5   committed any alleged act with or against, and specifically indicate how any act alleged

6   to have been committed by Mr. Rowen actually violated any law.

7   CONCLUSION

8       Mr. Rowen moves the court to dismiss the complaint with prejudice, pursuant to

9   Rule 12(b), Federal Rules of Civil Procedure, because Mr. Rowen is not subject to the

10   personal jurisdiction of this court; venue is improper, and the complaint fails to state a

11   claim upon which relief can be granted.

12       Respectfully submitted this _6_ day of __July__, 2011.

13

14           ROBERT ROWEN, Defendant

15           Robert Rowen, pro se

16

17

18

19

20

21

22

23

24

DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)             PAGE 4 OF 5

1

## CERTIFICATE OF SERVICE

2      I certify that a true and correct copy of the foregoing document was served
upon the appropriate parties by serving a copy thereof by mail/hand/fax to the
3    parties at the addresses below:

4    U.S. Securities and Exchange Commission
C/O Frederick L. Block
5    100 F Street, N.E.
Washington, DC 20549-4030
6
on this _6_ day of _July_____, 2011.
7

8    Signed: _Jerir Su_____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)                    PAGE 5 OF 5