Robert Rowen, *pro se*
321 South Main Street #537
Sebastapol, California 95472
Phone: (707) 328-3012
Fax:    (707) 578-7788

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U. S. SECURITIES AND EXCHANGE
COMMISSION,
100 F. STREET N.E.
WASHINGTON, D.C. 20549,

                Plaintiff,

v.

e-Smart Technologies, Inc.,
IVI Smart Technologies, Inc., n/k/a
e-Smart Technologies International, Inc.,
Intermarket Ventures, Inc.,
Mary A. Grace,
Tamio Saito,
Kenneth A. Wolkoff,
George Sobol, and
Robert J. Rowen,

                Defendants.

Case No. 1:11-cv-00895-JEB

MOTION TO DISMISS
UNDER RULE 12(b)

## LIMITED APPEARANCE

COMES NOW Robert J. Rowen, (hereinafter Rowen or Mr. Rowen) by leave of court pro se, by limited appearance, and submits Mr. Rowen's motion to dismiss, reserves the right to amend or supplement his pleadings, and waives no rights either expressed or implied.

## DEFENDANT'S RIGHT TO SELF REPRESENTATION

RECEIVED
Mail Room
2011
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1   A defendant's right to represent himself, or herself, is believed to have first surfaced in the Judiciary Act of 1789, as a statutory right given by § 272 of the Judicial Code, 28 USC § 394 [28 USCS § 394] [now 28 USCS § 1654], Appearance personally or by counsel. "In all the courts of the United States the parties may plead and conduct their own cases personally or by counsel . . .". This right appears to have existed basically unchanged since 1789

### DEFENDANT'S LIMITED APPEARANCE

Mr. Rowen limited pro se appearance is solely for the purpose of challenging the jurisdiction and venue of this court, by motion to dismiss, without waiver of any rights, either expressed or implied, and reserving the right to amend or supplement pleadings filed herein.

### MOTION TO DISMISS

Mr. Rowen moves to dismiss the action, pursuant to Rule 12(b), Federal Rules of Civil Procedure, because the Mr. Rowen is not subject to the personal jurisdiction of this court, venue is improper, and the complaint fails to state a claim upon which relief can be granted.

1. LACK OF JURISDICTION:

Plaintiff's complaint fails to specifically assert either personal or subject matter jurisdiction over Mr. Rowen. Plaintiff alleges only a general jurisdiction.

Plaintiff's complaint does not allege Mr. Rowen resides in this jurisdiction, and does not allege Mr. Rowen resides in this district, and does not allege that any part of the events or omissions giving rise to any of the specific claims against Mr. Rowen occurred in this district.

1  Jurisdiction cannot be presumed, and once challenged must be resolved before
2  the matter may proceed in Federal courts.
3  Therefore, Mr. Rowen moves to dismiss this action, as to this specific defendant,
4  pursuant to Rule 12(b), Federal Rules of Civil Procedure, because Mr. Rowen is not
5  subject to the personal jurisdiction of this court.
6  2. IMPROPER VENUE.
7  Plaintiff's complaint fails to assert that this court is the appropriate venue for this
8  defendant, either pursuant to the specific allegations against Mr. Rowen, where the
9  complaint does not specifically assert that any part of the events or omissions giving
10 rise to any of the specific claims against Mr. Rowen occurred in this venue.
11 Plaintiff's complaint also failed to allege that Mr. Rowen was connected to any
12 other defendant in the complaint by either contract or agreement. Therefore, Mr.
13 Rowen believes this venue is improper, and moves to dismiss this action, as to this
14 defendant, for improper venue, or, alternatively, for a change of venue for Mr. Rowen to
15 the District Court nearest Mr. Rowen's residence.
16 3. INSUFFICIENT COMPLAINT:
17 Mr. Rowen moves to dismiss the complaint against him for failure to allege a
18 claim for relief that can be granted to the plaintiff as a clear and undisputed matter of
19 law. The complaint is defective and insufficient in failing to show with any degree of
20 specificity as to how Mr. Rowen is alleged to have violated any law, failed to identify a
21 single person or persons that Mr. Rowen is alleged to have committed any act with or
22 against that would be a specific violation of any law.
23
24

1  Mr. Rowen moves to dismiss the complaint for failure to state a claim upon which
2  relief may be granted as a clear and undisputed matter of law, or in the alternative, an
3  order of the court directing the plaintiff for a more definitive statement of allegations
4  specifically identifying the specific person or persons Mr. Rowen is alleged to have
5  committed any alleged act with or against, and specifically indicate how any act alleged
6  to have been committed by Mr. Rowen actually violated any law.

## CONCLUSION

8  Mr. Rowen moves the court to dismiss the complaint with prejudice, pursuant to
9  Rule 12(b), Federal Rules of Civil Procedure, because Mr. Rowen is not subject to the
10  personal jurisdiction of this court; venue is improper, and the complaint fails to state a
11  claim upon which relief can be granted.

12  Respectfully submitted this  6  day of  July , 2011.

ROBERT ROWEN, Defendant

_____
Robert Rowen, pro se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the appropriate parties by serving a copy thereof by mail/hand/fax to the parties at the addresses below:

U.S. Securities and Exchange Commission
C/O Frederick L. Block
100 F Street, N.E.
Washington, DC 20549-4030

on this _6_ day of __July__, 2011.

Signed: _Jenn Su_