UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 11-cv-00895 (JEB) |
| e-SMART TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**THE SEC'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ROBERT ROWEN'S MOTION TO DISMISS THE COMPLAINT**

Plaintiff U.S. Securities and Exchange Commission ("SEC") submits this memorandum of law in opposition to defendant Robert Rowen's motion to dismiss the SEC's Complaint. For the reasons set forth below, the defendant's motion should be denied.

**PRELIMINARY STATEMENT**

Defendant Robert Rowen offered, executed and sold the common stock of e-Smart Technologies, Inc. to public investors even though the stock was not registered with the SEC and he was not registered as a broker. In so doing, he violated the stock registration provisions of Section 5 of the Securities Act of 1933 (the "Securities Act") and the broker-dealer registration requirements of Section 15 of the Securities Exchange Act of 1934 (the "Exchange Act"). 15 U.S.C. §§ 77e and 78o(a)(1).

Rowen moves to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure on the purported grounds that the SEC fails to state claims upon which relief can be

1

granted, the Court lacks personal and subject matter jurisdiction, and venue in this district is improper. The Court should deny his motion.

## STATEMENT OF FACTS

The SEC's Complaint alleges that defendant e-Smart Technologies, Inc. ("e-Smart") offered and sold millions of shares of unrestricted stock that were not registered or exempt from registration. Complaint ("Cmpl.") ¶¶ 61-71. e-Smart structured these sales of stock to appear to be loans to IVI Smart Technologies, Inc. and Intermarket Ventures, Inc., which were affiliates of e-Smart. The purported loans were guaranteed with pledges of e-Smart stock. *Id.* ¶¶ 64-68. IVI Smart Technologies and Intermarket Ventures did not have the ability to repay the loans and, in fact, not one of them was repaid. *Id.* ¶¶ 69-70. Instead, pursuant to the pledges, the public investors who extended the loans received unrestricted e-Smart stock. *Id.* ¶ 67. These transactions were not *bona fide* loans entitled to an exemption from the stock registration requirement. *Id.* ¶ 71.

Defendant Mary Grace was the President, Chief Executive Officer, Chief Financial Officer, and Chairman of the Board of Directors of e-Smart. *Id.* ¶ 17. She was also the President, CEO, and majority shareholder of IVI Smart Technologies and Intermarket Ventures. *Id.* ¶¶ 19-20. Grace originated and engineered the bogus loan and pledge transactions. *Id.* ¶¶ 72-74. From her home in the District of Columbia, she coordinated the transfer of the loan proceeds from public investors to e-Smart and directed that, pursuant to the pledges, the transfer agent issue certificates for unrestricted e-Smart stock to the investors. *Id.* ¶¶ 17, 73. The transfer agent, at Grace's direction, mailed the certificates to the investors or to Grace, for distribution to the investors. Exhibits 2 and 3 to the Declaration of Thomas B. Rogers ("Rogers Decl.").[1] The

---

[1] The SEC is relying on the Rogers Declaration only to support its arguments pertaining to jurisdiction and venue.

investors' money was wired at Grace's direction to an account in the name of e-Smart at a branch of PNC Bank located in the District of Columbia. Rogers Decl. Exs 1, 4, 5, 6, 7.

Defendant Rowen solicited investors to enter into the transactions. Cmpl. ¶ 75. From August 2005 through June 2006, he sold to investors more than 4.5 million shares of e-Smart stock, netting e-Smart more than $350,000. *Id.* ¶ 75. He received a 5-10 percent commission in the form of e-Smart stock. *Id.* ¶ 78. He solicited and executed these stock transactions even though he was not registered with the SEC as a broker-dealer or associated with a registered broker-dealer. *Id.* ¶ 79.

## ARGUMENT

### I. STANDARD OF REVIEW.

Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court should deny a motion to dismiss if the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. The court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Warren v. District of Columbia,* 353 F.3d 36, 39 (D.C. Cir. 2004).

The standard for a motion to dismiss for lack of subject matter jurisdiction is virtually identical. Personal jurisdiction is established by specific factual allegations making a *prima facie* showing of jurisdiction. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom. GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000). In determining personal and subject matter

jurisdiction, the court may consider material outside the pleadings.  *Jackson v. District of Columbia Department of Health*, 2007 WL 1307891, *1 (D.D.C. May 3, 2007); *Caesar v. United States*, 258 F. Supp. 2d 1, 2 (D.D.C. 2003); *Novak-Canzeri v. Al Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994).

Venue is proper "in the district where the offer or sale took place, if the defendant participated therein," or "in the district where any act or transaction constituting the violation occurred."  15 U.S.C. §§ 77t(a), 78aa.

## II.  THE COMPLAINT STATES CLAIMS AGAINST ROWEN UPON WHICH RELIEF CAN BE GRANTED.

### A.  Section 5 Claim.

Section 5 of the Securities Act prohibits the offer or sale of securities in transactions that are not registered with the SEC.  *SEC v. Int'l Chem. Dev. Corp.*, 469 F.2d 20, 27 (10th Cir. 1972).  A defendant violates Section 5 when:  (1) there is no registration statement in effect as to securities being offered or sold; (2) the defendant directly or indirectly offers or sells the securities; and (3) instruments of interstate commerce are used.  15 U.S.C. § 77e(a); *SEC v. Phan,* 500 F.3d 895, 902 (9th Cir. 2007); *SEC v. Calvo*, 378 F.3d 1211, 1214 (11th Cir. 2004); *SEC v. Cavanagh*, 155 F.3d 129, 133 (2d Cir. 1998).  All participants in the offer or sale are liable for the violation.  *Int'l Chem. Dev. Corp.*, 469 F.2d at 32-33; *Calvo*, 378 F.3d at 1215.  Scienter is not an element.  *See Raiford v. Buslease*, Inc., 825 F.2d 351, 354 (11th Cir. 1987).  Rowen has the burden of demonstrating that any exemption to the registration requirement applies.  *SEC v. Ralston Purina*, 346 U.S. 119, 126 (1953); *Quinn & Co. v. SEC*, 452 F.2d 943, 946 (10th Cir. 1971).

The e-Smart stock that Rowen offered and sold was not registered.  Cmpl. ¶ 61.  He solicited investors who purchased more than 4.5 million shares of e-Smart stock.  *Id.* ¶¶ 75, 78.

These allegations are sufficient to state a claim that Rowen violated Section 5. *SEC v. Phan,* 500 F.3d at 902; *SEC v. Calvo*, 378 F.3d at 1214; *SEC v. Cavanagh*, 155 F.3d at 133.

  **B.**  <u>**Section 15 Claim.**</u>

  Section 15 of the Exchange Act prohibits brokers or dealers from effecting any transaction in, or inducing or attempting to induce the purchase or sale of, any security unless they are registered with the SEC. 15 U.S.C. § 78o(a)(1). Scienter is not an element. *SEC v. Corp. Relations Group, Inc.*, 2003 WL 25570113, at *17 (M.D. Fla. Mar. 28, 2003); *SEC v. Randy*, 38 F. Supp. 2d 657, 667 (N.D. Ill. 1999). The Exchange Act defines a broker as "any person engaged in the business of effecting transactions in securities for the account of others." 15 U.S.C. § 78c(a)(4)(A); *accord SEC v. Martino*, 255 F. Supp. 2d 268, 283 (S.D.N.Y. 2003). Courts have found defendants to be brokers when they: (1) were active rather than passive finders of investors; (2) received commissions rather than salaries; or (3) advised investors about the merits of investments. *Id.* at 283.

  For nearly a year, Rowen actively sought investors for e-Smart. Cmpl. ¶¶ 75, 78. He received commissions for soliciting and executing transactions that resulted in the distribution of more than 4.5 million shares of e-Smart stock. *Id.* ¶¶ 75, 78. He was not registered with the SEC as a broker and was not associated with a registered broker-dealer. *Id.* ¶¶ 22, 79. These allegations are sufficient to state a claim that Rowen violated Section 15(a)(1) of the Exchange Act.

**III. THE COURT HAS JURISDICTION OVER
   ROWEN AND THE CLAIMS AGAINST HIM.**

  Section 22(a) of the Securities Act and Section 27 of the Exchange Act provide that the district courts of the United States have subject matter jurisdiction over violations of those Acts. 15 U.S.C. §§ 77t(a), 78aa; *S.E.C. v. Banner Fund Intern.,* 211 F.3d 602, 608 (D.C. Cir. 2000);

5

*Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London*, 147 F.3d 118, 126 (2d Cir. 1998).  The Complaint alleges that Rowen committed violations of the Securities Act and the Exchange Act.  Accordingly, the Court has subject matter jurisdiction over these claims.

With regard to personal jurisdiction, Section 22(a) of the Securities Act and Section 27 of the Exchange Act provide that process in SEC enforcement actions "may be served in any . . . district of which the defendant is an inhabitant or wherever the defendant may be found."  15 U.S.C. §§ 77t(a), 78aa.  Rowen is an inhabitant of Sebastopol, California, and the SEC found and served him with the Complaint in Santa Rosa, both of which are in the Northern District of California.  This is sufficient to confer personal jurisdiction on this Court.  *SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996); *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

## IV. <u>VENUE IS PROPER IN THIS DISTRICT.</u>

Venue is proper "in the district where the offer or sale took place, if the defendant participated therein," or "in the district wherein any act or transaction constituting the violation occurred."  15 U.S.C. §§ 77t(a), 78aa.  "By the reference to 'any act,' the [Exchange Act] permits a plaintiff to bring suit in any district where any person has committed any act that 'constitute[s]' the offence with which the defendant is charged."  *SEC v. Johnson*, 2011 WL 2535601, at *3-4 (D.C. Cir. June 28, 2011).

The offer and sale of e-Smart securities, and acts or transactions constituting Rowen's securities violations, occurred in this district.  Grace orchestrated the unregistered offering from her home in the District of Columbia.  Cmpl. ¶¶ 17, 72-73.  At Grace's direction, the investors wire-transferred their funds to an account in the name of e-Smart at a branch of PNC Bank in the District of Columbia.  Rogers Decl. Exs. 1, 4, 5, 6, 7.  From her home in this district, Grace instructed the transfer agent to issue the stock certificates directly to investors or to her for later

distribution to them.  Rogers Decl. Exs. 2, 3.   These facts demonstrate that venue in this district is proper.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Rowen's motion to dismiss the Complaint.

Dated:  Washington, D.C.
July 25, 2011

Respectfully submitted,

/s/ Kenneth J. Guido
Kenneth J. Guido (D.C. Bar No. 151605)
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
(202) 551-4480 (direct)
(202) 772-9245 (fax)
guidok@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on July 25, 2011, I filed the foregoing THE SEC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ROBERT ROWEN'S MOTION TO DISMISS THE COMPLAINT, DECLARATION IN SUPPORT THEROF AND EXHIBITS ATTACHED THERETO, AND PROPOSED ORDER with the Clerk of the Court using the CM/ECF system, which will serve by electronic mail any counsel who has appeared in this case and pro se defendant who has answered the Complaint.

I also certify that on July 25, 2011, I served the foregoing by Prepaid UNITED PARCEL SERVICE on the Defendants at the addresses listed below:

e-Smart Technologies, Inc.,
IVI Smart Technologies, Inc., n/k/a e-Smart
Technologies International, Inc., and
Intermarket Ventures, Inc.
Corporate Defendants

  c/o Christopher C. Cooke, Esq.
Cooke Kobrick &Wu LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

Mary A. Grace
Defendant

  c/o Michael MacPhail, Esq.
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Tel. (303) 866-0413
Fax (303) 866-0200
Cell (702) 231-4387

Tamio Saito
Defendant

  9115 Judicial Dr.

Apt. 4523
San Diego, California  92122-4629;

c/o e-Smart Technologies, Inc.
526 West 26th Street #710
New York, NY 10001; and

c/o e-Smart Korea
B/D 9F
Yeoksam-Dong, Gangnam-Gu
Seoul, Korea
Tel. 82 2 2185 5888
Fax 82 2 2185 5889

<u>Kenneth A. Wolkoff</u>
Defendant

3065 Fawn Drive
Park City, UT 84098
Tel. (435) 655 8212

<u>George Sobol</u>
Defendant

c/o Irving M. Einhorn, Esq.
Law Offices of Irving M. Einhorn
1710 10th Street
Manhattan Beach, CA 90266
Tel. (310) 798-7216
Fax (310) 798-5910

<u>Robert J. Rowen</u>
Defendant

7048 E. Hurlbut Avenue
Sebastopol, CA 95472; and

321 S. Main Street #637
Sebastopol, CA 95472;

                                                <u>/s/ Kenneth J. Guido</u>
                                                Kenneth J. Guido