UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>e-SMART TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 11-895 (JEB) |

**MEMORANDUM OPINION AND ORDER**

The Securities and Exchange Commission filed this suit against e-Smart Technologies, Inc., three other companies, and five individuals, asserting numerous violations of the securities laws. One of those individuals, Defendant Robert J. Rowen, has now filed a Motion to Dismiss, contending that this Court has no jurisdiction over him, that venue is improper here, and that the SEC's Complaint is legally insufficient. Finding Rowen not to prevail on any of his arguments, the Court will deny the Motion.

**I.    Background**

The SEC alleges that e-Smart is a technology business engaged in selling an identification-verification system called a "smart card."  Compl., ¶ 16.  Among its various misdeeds, e-Smart is alleged to have "engaged in an unregistered offering of millions of shares of its securities in violation of Section 5 of the Securities Act." Id., ¶ 61.  This was accomplished through a sham "convertible loan scheme." Id., ¶ 64.

From 2005-07, Defendant Rowen and two other individuals "solicited investors to purchase e-Smart stock" and "were paid a 5-10% commission . . . for each sale of e-Smart

1

shares they facilitated." Id., ¶ 75. "Rowen accomplished at least 20 transactions which brought in over $350,000 and sold over 4.5 million e-Smart shares." Id., ¶ 78. At the time, Rowen was not "registered with the Commission as a broker-dealer or associated with a registered broker-dealer." Id., ¶ 79. As a result, the two counts of the Complaint against Rowen allege that he violated the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), by selling unregistered securities, see Compl., ¶¶ 90-93, and violated the Exchange Act, 15 U.S.C. § 78o(a), by selling securities without being registered as a broker or dealer. Compl., ¶¶ 113-15.

Rowen filed his Motion to Dismiss on July 8, 2011. After initial briefing had been completed, the Court asked for supplemental briefs on the applicability of the recent D.C. Circuit decision on venue in SEC v. Johnson, 650 F.3d 710 (D.C. Cir. 2011). The matter is now ripe for decision.

**II.   Legal Standard**

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of Defendant's Motions under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an

inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant. FC Inv. Group LC v. IFX Markets, Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008) (citing Reuber v. United States, 787 F.2d 599 (D.C. Cir. 1986)). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings").

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great

burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Analysis

Rowen relies on three separate grounds in bringing this Motion. First, he claims that he "is not subject to the personal jurisdiction of this court." Mot. at 3. Second, he asserts that venue in the District of Columbia is improper, which should yield a dismissal or a transfer to "the District Court nearest to Mr. Rowen's residence." Id. Third, he maintains that "[t]he complaint is defective and insufficient in failing to show with any degree of specificity as to how Mr. Rowen is alleged to have violated any law." Id. The Court will address each in turn.

### A. Personal Jurisdiction

The SEC alleges that Rowen violated the Securities Act, 15 U.S.C. §§ 77e(a) and (c), and the Exchange Act, 15 U.S.C. § 78o(a). Compl., ¶¶ 90-93, 113-15. He argues that the pled violations have nothing to do with the District of Columbia, thus depriving this jurisdiction of minimum contacts with – and, hence, jurisdiction over – him. His interpretation of the law of

4

personal jurisdiction is too narrow. The aforementioned statutes provide for very broad service of process. See § 78aa ("process . . . may be served in any other district of which the defendant is an inhabitant or <u>wherever the defendant may be found</u>") (emphasis added); § 77v(a) (same). Congress "uses language permitting service 'wherever the defendant may be found,'" when it "intends to permit nationwide personal jurisdiction." <u>Dynegy Midstream Services v. Trammochem</u>, 451 F.3d 89, 95-96 (2d Cir. 2006) (citing § 78aa as example) (further citation omitted). Numerous circuits have "uniformly held that '[w]hen the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with <u>the United States</u>.'" <u>SEC v. Carrillo</u>, 115 F.3d 1540, 1543 (11th Cir. 1997) (quoting <u>In re Application to Enforce Admin. of Subpoena of SEC v. Knowles</u>, 87 F.3d 413, 417 (10th Cir. 1996)) (emphasis added); <u>see also</u> <u>Warfield v. Alaniz</u>, 569 F.3d 1015, 1029 (9th Cir. 2009) (as long as defendant has minimum contacts <u>with United States</u>, any federal court has personal jurisdiction over him under Exchange Act). Rowen never denies his contacts with the United States as a whole; indeed, he would have difficulty so doing since he lives in California. His argument on personal jurisdiction thus cannot prevail.

    B. <u>Venue</u>

The SEC's argument as to venue is not as straightforward. Under both the Securities Act and the Exchange Act, venue is proper "in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. §§ 78aa, 77v(a). Those provisions are clearly not applicable here for this California-based Defendant. The statutes, however, have other venue options. Under the former, venue also lies "in the district where the offer or sale took place, if

5

the defendant participated therein." § 77v(a). Under the latter, it also lies "in the district wherein any act or transaction constituting the violation occurred." § 78aa.

In SEC v Johnson, the D.C. Circuit reversed the district court's holding that venue was proper under the Exchange Act where the SEC relied upon "the co-conspirator theory of venue." Id. at 713-15. The defendant there had "allegedly aided and abetted a scheme, a material part of which occurred in the District of Columbia." Id. at 713 (internal quotation marks omitted). In reversing, the Court held, "If the only act allegedly done in this district is not linked to [the defendant] in any of the ways listed in § 78aa, then no 'theory' can supply the deficiency." Id. at 715. The SEC argues that the venue analysis under the Exchange Act here is different from Johnson because "Rowen failed to register with the SEC as a broker-dealer," which registration occurs here in Washington. Pl. Supp. Mem. at 5. The Court need not reach this question because venue does lie here under the Securities Act.

Under the Securities Act, the question is twofold: did an offer or sale take place in Washington, and did Rowen participate in it? The answers are yes. Once again, the Court, at this stage of the proceedings, is not acting as a factfinder, but is, instead, bound by the facts set forth in the Complaint, particularly where Defendant has offered no other facts on venue aside from general denials. The Complaint alleges that "e-Smart operated primarily from the residence of its CEO, Mary A. Grace, in the Georgetown area of Washington, DC," Compl., ¶ 16, and that Grace and e-Smart sold shares of unregistered stock in the form of a convertible loan scheme wherein investors sent e-Smart money, and Grace, after a number of fraudulent steps, then authorized the issuance of shares. Id., ¶¶ 61-65. This is certainly sufficient to allege the sale of stock took place in the District of Columbia.

The Complaint further alleges that Rowen participated: "Rowen solicited investors to purchase e-Smart stock," id., ¶ 75, and he "accomplished at least 20 transactions which brought it over $350,000 and sold over 4.5 million e-Smart shares." Id., ¶ 78. Since their sales, according to the Complaint, were accomplished "through the loan scheme," id., ¶ 75, and since Grace in Washington conducted all such sales, it is clear that Rowen participated in a sale of unregistered stock that took place in this judicial district. The Court, therefore, is not relying on the impermissible co-conspirator theory of venue, but rather on Rowen's direct participation in sales that occurred here. Venue thus may lie in the District of Columbia. See Gambone v. Lite-Rock Drywall Corp., 124 Fed.Appx. 78, 80 n.2 (3d Cir. 2005) ("Moreover, because the transaction the complaint alleges 'defraud[ed Plaintiffs] of funds' was the sale of stock in Pennsylvania, we read the complaint to allege that Luongo, although physically in Arizona, participated in that Pennsylvania sale. Thus, even § 22 of the '33 Act is of no avail to Luongo.") (emphasis original).

Given that venue lies here for the Securities Act count, pendent venue is appropriately applied to the Exchange Act claim, even assuming venue is not otherwise proper, a decision the Court does not make. "Whether to apply the principle of pendent venue in any given case is a discretionary decision, based on applicable policy considerations. Some of these considerations will be the same as those that support the exercise of pendent jurisdiction – judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." Beattie v. United States, 756 F.2d 91, 103 (D.C. Cir. 1984), overruled on other grounds by Smith v. United States, 507 U.S. 197 (1993). Here, all of the factors favor the exercise of pendent venue since the two counts are very closely linked in their predicate facts, and there are several co-defendants properly venued here.

Just because venue is proper here in Washington does not necessarily mean that Rowen is forever stuck here. He may at some point move for a change of venue in the interest of justice under 28 U.S.C. § 1404. If this venue is currently more appropriate for all other parties, his success may be unlikely, yet, in the event other Washington-based Defendants settle, see Joint Motion to Extend [ECF No. 25] and he remains, he may have an increased chance of a transfer. That, of course, is not for the Court to opine on now.

C. Sufficiency of Complaint

Last, Defendant spends much of his Reply strenuously denying he committed any wrongdoing and naming witnesses he says would support him, see id. at 1-3, 8, but he is neglecting the central standard of a motion under Rule 12(b)(6) – namely, the Court must presume Plaintiff's allegations true at this juncture. See Section II, *supra* (setting forth the law and citing cases). As previously explained, the Complaint alleges that Defendant, by communication in interstate commerce, solicited investors and sold over 4.5 million shares of e-Smart, even though no registration statement was in effect for the securities and he was not registered with the Commission as a broker-dealer or associated with a registered broker-dealer. Id., ¶¶ 78-79, 91-92, 114. As such conduct is prohibited by 15 U.S.C. § 77e(a) and § 78o(a)(1), the SEC has sufficiently made out a claim on which relief may be granted.

**IV. Conclusion**

Because none of Defendant Rowen's arguments passes muster, the Court ORDERS that:

1. Defendant's Motion is DENIED; and

2. He shall file an Answer on or before Dec. 30, 2011, or risk the entry of default.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: December 12, 2011