UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>e-SMART TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Civil Action No.  11-895 (JEB) |

## ORDER

Defendant Robert Rowen filed a Motion to Dismiss, which was denied on Dec. 12, 2011, as were his subsequent Motion for Reconsideration and Motion to Clarify. He now files a "Petition for Stay Pending Appeal." See ECF No. 45. Aside from citing Fed. R. Civ. P. 62, which governs stays, he offers no authority for his ability to appeal the Court's prior rulings at this stage of the proceedings. See, e.g., Comm. On The Judiciary U.S. House of Representatives v. Miers, 575 F. Supp. 2d 201, 203-04 (D.D.C. 2008) (staying an order pending appeal is inappropriate where that order is not immediately appealable).

Federal courts of appeals have jurisdiction over "final decisions" made by district courts. 28 U.S.C. § 1291. Interlocutory appeals of district court decisions "are the exception, not the rule." Johnson v. Jones, 515 U.S. 304, 309 (1995). Although certain collateral orders are immediately appealable, see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), denials of motions to dismiss are generally not. Kilburn v. Socialist People's Libyan Arab Jamahiriya, 376 F.3d 1123, 1133 (D.C. Cir. 2004) ("Denial of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is not ordinarily subject to interlocutory appeal. It is

1

neither a final decision nor a proper subject for appeal under the 'collateral order' doctrine.") (citation omitted); KiSKA Const. Corp.-U.S.A. v. Washington Metro. Area Transit Auth., 167 F.3d 608, 610 (D.C. Cir. 1999) ("Ordinarily, an appellate court will not review a District Court's denial of a motion to dismiss, for want of a final, appealable judgment.").

As Defendant's claims in his Motion to Dismiss can be effectively vindicated after trial, interlocutory appeal is not typically available.  See Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 501 (1989) (mere claim that trial court lacked personal jurisdiction over defendant not immediately reviewable); Turi v. Main St. Adoption Services, LLP, 633 F.3d 496, 502 (6th Cir. 2011) ("A claim that the trial court lacks personal jurisdiction over the defendant can be vindicated on appeal after trial, and thus does not satisfy the . . . collateral-order doctrine."); Rux v. Republic of Sudan, 461 F.3d 461, 476 (4th Cir. 2006) ("An order denying a motion to dismiss for improper venue . . . is interlocutory and not immediately appealable.").

Until Defendant can offer support for his theory that the Court's interlocutory decisions are appealable, no stay may even be considered.

The Court, accordingly, ORDERS that:

1.   Defendant's Motion is DENIED  WITHOUT PREJUDICE; and

2.   Defendant's Answer is deemed FILED.

**SO ORDERED**.

                                         */s/ James E. Boasberg*
                                         JAMES E. BOASBERG
                                         United States District Judge

Date:  March 26, 2012